UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>MRS. MALDONADO, *et al.*,<br><br>Defendants. | CASE NO. 1:18-cv-0696-LJO JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff's first amended complaint, which asserts claims against two employees of the California Department of Corrections and Rehabilitation, is before the Court for screening. (Doc. 11.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

At all times relevant to this action, Plaintiff was a state inmate housed at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff brings this action against J. Maldonado and

M. Ortiz, both of whom were employed as correctional officers ("CO") at KVSP. Plaintiff seeks declaratory relief, injunctive relief, and damages.

Plaintiff's allegations can be fairly summarized as follows:

On June 2, 2015, during a clothed pat-down search, Defendant Maldonado rubbed Plaintiff's chest affectionately and then pinched his nipple. Plaintiff claims this was intended to sexually arouse Plaintiff but it instead caused him "pain, irritation, emotional distress and offended Plaintiff." There was no legitimate penological purpose for this form of touching, and it follows other incidents when Maldonado made sexual comments to Plaintiff to encourage Plaintiff to expose himself to her. Plaintiff claims Maldonado acted in this manner so as to blackmail him and get him assaulted on the main yard. Maldonado is also accused of "retaliating" against Plaintiff by "conspiring" with her coworker Ortiz "to cover up" the sexual touching by having Ortiz search Plaintiff too.

A cursory review of the over 200 pages of attachments to the first amended complaint reveals that Plaintiff has made similar allegations against multiple correctional officers at various institutions. See, e.g., Doc. 11 at 73 (Plaintiff accused CO White at Folsom State Prison of sexual harassment in May 2011); Doc. 11 at 20 (Plaintiff accused CO Ortiz at KVSP of inappropriate touching in October 2014 during a clothed body search); Doc. 11 at 26 (Plaintiff accused CO S. Savoie at Pelican Bay State Prison ("PBSP") of sexual harassment in April 2016 during mail delivery); Doc. 11 at 45 (Plaintiff accused CO M. Gonzalez at PBSP of sexual harassment in May 2016 during a routine check); Doc. 11 at 59 (Plaintiff accused CO R. Leyva at PBSP of trying to get Plaintiff to sexually expose himself in May 2016).

**III.    Discussion**

       **A.    Eighth Amendment**

"After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Jordan v. Gardner, 986 F.2d 1521, 1525 (9th Cir. 1993) (en banc) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)) (internal quotation marks and indications of alteration omitted). The alleged pain may be physical

or psychological. See, e.g., Jordan, 986 F.2d 1521. Nevertheless, the "inmate must objectively show that he was deprived of something 'sufficiently serious.'" Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). For example, in Jordan, a prison policy required male prison guards to conduct random, nonemergency, suspicionless clothed body searches on female prisoners, notwithstanding that many of the female prisoners had histories involving sexual or physical abuse by men. 986 F.2d at 1525–26. The Ninth Circuit held that the Eighth Amendment prohibited clothed body searches of female prisoners by male guards directed by a prison policy to "push inward and upward when searching the crotch and upper thighs of the inmate," to "squeeze and knead" "the leg and the crotch area," and to "search the breast area in a sweeping motion, so that the breasts will be 'flattened.'" Id. at 1523 (indications of alteration omitted). The Jordan court's finding of serious deprivation relied on the "high probability of ... severe psychological injury and emotional pain and suffering ... from these searches" based on the inmates' "shocking histories of verbal, physical, and, in particular, sexual abuse...." Id. at 1525.

Thereafter, however, the Court of Appeals for the Ninth Circuit has on multiple occasions limited Jordan's holding to its facts, explaining that Jordan was based on (1) "the preexisting mental conditions of the female inmates, which were exacerbated by the searches," and (2) "the intrusive and physical nature of the pat down searches that involved 'kneading' the breasts and groin area of the female inmates." Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997); Watison v. Carter, 668 F.3d 1108, 1113 (9th Cir. 2012). As such, in Somers, the court distinguished Jordan and concluded the Eighth Amendment was not violated when a male prisoner complained that female guards performed visual body cavity searches on male inmates and watched male inmates shower, while sometimes pointing, joking, and gawking at the inmates. 109 F.3d at 616. In addition, in Watison, the court found no Eighth Amendment violation where the corrections officer entered the prisoner's cell, rubbed his thigh against the prisoner's thigh while the prisoner was on the toilet, began smiling at the prisoner in a sexual way, and left the cell laughing. 668 F.3d at 1112. In concluding that dismissal of this claim was appropriate, the court

reasoned that the "humiliation" the prisoner "allegedly suffered from the incident ... does not [objectively] rise to the level of severe psychological pain required to state an Eighth Amendment claim." Id. at 1113.

Under the legal framework set forth above, Plaintiff was previously informed that the touching that he described must be accompanied by a claim of "severe psychological injury and emotional pain" to state an Eighth Amendment claim. Plaintiff attempts to meet this requirement now by alleging that Maldonado's conduct caused him "pain, irritation, emotional distress and offended Plaintiff." But these allegations do not objectively rise to the level of severe psychological pain because there is no suggestion that Plaintiff is a particularly vulnerable victim. See, e.g., Jordan, 986 F.2d at 1525 (distinguishing claims made in a separate case where nothing "indicate[d] that the men had *particular vulnerabilities* that would cause the cross-gender clothed body searches to exacerbate symptoms of pre-existing mental conditions") (emphasis added); Watison, 668 F.3d at 1113 (finding that inmate's "humiliation" following officer's rubbing of inmate's thigh "does not rise to the level of severe psychological pain required to state an Eighth Amendment claim"); Marceleno v. Cal. Dep't of Corr. and Rehab., 2019 WL 2191254, at *8-9 (E.D. Cal. May 21, 2019) (finding that offense to the inmate-plaintiff caused by correctional officer's sexual commentary did not state an Eighth Amendment sexual misconduct claim); Robinson v. Bylsma, 2018 WL 6202144, at *4 (W.D. Wash. Oct. 25, 2018) (humiliation following an immodest search did not state an Eighth Amendment claim).

Furthermore, Plaintiff's allegation that he was subjected at some point to "disrespectful sexual comments," standing alone, is insufficient because the Eighth Amendment's protections do not generally extend to mere verbal sexual harassment and there is no suggestion that the comments were "unusually gross." See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that "disrespectful and assaultive comments" did not state a claim because there was no evidence that they were "unusually gross even for a prison setting and were calculated to and did cause him psychological damage."); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Blueford v. Prunty, 108 F.3d 251, 256 (9th Cir. 1997) (affirming summary judgement in favor of

prison officials where "the only arguably sexually harassing conduct... was verbal"); Blacher v. Johnson, 517 Fed. Appx. 564 (9th Cir. 2013) (finding that Eighth Amendment's protections did not extend to mere verbal sexual harassment) (citation omitted). Plaintiff's remaining allegations are too vague and conclusory to assess. Therefore, Plaintiff again fails to state an Eighth Amendment claim.

### B. First Amendment Retaliation

Plaintiff next contends that the Defendants retaliated against him by attempting to cover up Maldonado's conduct. The fundamentals of a retaliation claim are easily summarized: "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000)). It is the plaintiff's burden to prove each of these elements. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). Since Plaintiff has not alleged any protected conduct on his part, this claim necessarily fails.

### C. Conspiracy

Lastly, Plaintiff accuses the Defendants of conspiring to cover up Maldonado's conduct. To state a claim for conspiracy under section 1983, plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (citations omitted). In the absence of an underlying constitutional violation, this claim also fails.

////

////

IV. **Leave to Amend**

Plaintiff's first amended complaint fails to state a claim. The Court must now determine whether leave to amend should be granted. Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted). Previous amendments may also be considered. See Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (listing "whether the plaintiff has previously amended his complaint" as a fifth factor); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995) (same). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845.

Plaintiff has twice attempted to state a claim based on CO Maldonado's allegedly inappropriate touching in June 2016. In the first screening order, the Court provided Plaintiff with the requisite legal standards to inform him of the high bar he needed to reach to proceed on his claims. On this second attempt, however, Plaintiff's allegations remain materially unchanged such that the Court concludes that further amendment would be futile.

IV. **Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court thus **RECOMMENDS** that this action be dismissed without leave to amend for failure to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 31, 2019**              **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE